# EXHIBIT 1

David W. Dow (SBA #007377)
Jennifer L. Ghidotti  #033071
The Law Offices of David W. Dow
3104 E. Camelback #281
Phoenix, Arizona 85016
602-550-2951
Ddowlaw1@gmail.com
*Attorneys for Plaintiff*

## SUPERIOR COURT OF ARIZONA

### MARICOPA COUNTY

| | |
|---|---|
| MARCELA de JESUS GUZMAN ESTRADA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PHOENIX, a municipality and jural entity, MARCOS RODRIGUEZ an individual acting under the color of law, JOHN DOE HUNNICUTT, an individual acting under the color of law, BRANDON WARNER, an individual acting under the color of law, and CARMINA THERIAULT, an individual acting under the color of law,<br><br>Defendants. | Case No.   CV2019-004400<br><br>SUMMONS |

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully.   If you do not understand it, contact a lawyer for help.**

---

**FROM THE STATE OF ARIZONA TO:   MARCOS RODRIGUEZ**

1.  A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona

85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR Office of the Clerk of Superior Court, 222 East Javelina Drive, Mesa, Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003, or
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Drive, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) days before your scheduled court date.

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date

CLERK OF COURT 

By_____   APR 1 8 2019

Deputy Clerk   CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

1   David W. Dow (SBA #007377)
    Jennifer L. Ghidotti  #033071
2   The Law Offices of David W. Dow
    3104 E. Camelback #281
3   Phoenix, Arizona 85016
    602-550-2951
4   Ddowlaw1@gmail.com
    *Attorneys for Plaintiff*
5
                           **SUPERIOR COURT OF ARIZONA**
6
                             **MARICOPA  COUNTY**
7

8                                               Case No.    CV2019-004400
    MARCELA de JESUS GUZMAN
9   ESTRADA, an individual,                     SUMMONS

10
    Plaintiff,
11

12  vs.

13
    CITY OF PHOENIX, a municipality and
14  jural entity, MARCOS RODRIGUEZ an
    individual acting under the color of law,
15  JOHN DOE HUNNICUTT, an individual
    acting under the color of law,
16  BRANDON WARNER, an individual
17  acting under the color of law, and
    CARMINA THERIAULT, an individual
18  acting under the color of law,
19
20  Defendants.

21

22  **WARNING: This is an official document from the court that affects your rights.  Read this
23  carefully.   If you do not understand it, contact a lawyer for help.**

24  **FROM THE STATE OF ARIZONA TO:   CITY OF PHOENIX**

25  1.   A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served
26       on you with this *"Summons"*.

27  2.   If you do not want a judgment or order taken against you without your input, you must file an
         *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an
28       *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or
         Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to

                                          -1-

1   the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona
    85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix,
2   Arizona 85032 OR Office of the Clerk of Superior Court, 222 East Javelina Drive, Mesa,
    Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane,
3   Surprise, Arizona, 85374. Mail a copy of your *"Response"* or *"Answer"* to the other party at
    the address listed on the top of this Summons.
4
5   3.  If this *"Summons"* and the other court papers were served on you by a registered process
        server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed
6       within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day
        you were served. If this *"Summons"* and the other papers were served on you by a registered
7       process server or the Sheriff outside the State of Arizona, your Response must be filed within
        THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you
8       were served. Service by a registered process server or the Sheriff is complete when made.
        Service by Publication is complete thirty (30) days after the date of the first publication.
9
10  4.      You can get a copy of the court papers filed in this case from the Petitioner at the
        address listed at the top of the preceding page, from the Clerk of the Superior Court's
11      Customer Service Center at:

12      •       601 West Jackson, Phoenix, Arizona 85003, or
        •       18380 North 40th Street, Phoenix, Arizona 85032
13      •       222 East Javelina Drive, Mesa, Arizona 85210
        •       14264 West Tierra Buena Lane, Surprise, Arizona, 85374.
14
15  5.      Requests for reasonable accommodation for persons with disabilities must be made to
        the office of the judge or commissioner assigned to the case, at least ten (10) days before your
16      scheduled court date.

17  6.      Requests for an interpreter for persons with limited English proficiency must be made to
        the office of the judge or commissioner assigned to the case at least ten (10) judicial days in
18      advance of your scheduled court date.

19
20  SIGNED AND SEALED this date         APR **16** 2019
                                        CLERK OF COURT
21                                      JEFF FINE, **CLERK**

22                                  By_____
                                        Deputy Clerk                                S. SZAKACS
23                                                                                  DEPUTY CLERK
24
25      If you would like legal advice from a lawyer,
        Contact the Lawyer Referral Service at
26                  602-257-4434
                        or
27          www.maricopalawyers.org
                Sponsored by the
28          Maricopa County Bar Association

                                        -2-

RECEIVED
CITY OF PHOENIX

2019 APR 18   PM 12: 48

CITY ATTORNEY'S OFFICE

David W. Dow (SBA #007377)
Jennifer L. Ghidotti  #033071
The Law Offices of David W. Dow
3104 E. Camelback #281
Phoenix, Arizona 85016
602-550-2951
Ddowlaw1@gmail.com
*Attorneys for Plaintiff*

ORIGINAL

**SUPERIOR COURT OF ARIZONA**

**MARICOPA COUNTY**

|  |  |
|---|---|
| MARCELA de JESUS GUZMAN ESTRADA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PHOENIX, a municipality and jural entity, MARCOS RODRIGUEZ an individual acting under the color of law, JOHN DOE HUNNICUTT, an individual acting under the color of law, BRANDON WARNER, an individual acting under the color of law, and CARMINA THERIAULT, an individual acting under the color of law,<br><br>Defendants. | Case No.<br>CV2019-004400<br>SUMMONS |

**WARNING: This is an official document from the court that affects your rights.  Read this carefully.    If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:    JOHN DOE HUNNICUTT**

1.   A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.   If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to

-1-

1   the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona
    85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix,
2   Arizona 85032 OR Office of the Clerk of Superior Court, 222 East Javelina Drive, Mesa,
    Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane,
3   Surprise, Arizona, 85374. Mail a copy of your *"Response"* or *"Answer"* to the other party at
    the address listed on the top of this Summons.
4
3.  If this *"Summons"* and the other court papers were served on you by a registered process
5   server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed
    within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day
6   you were served. If this *"Summons"* and the other papers were served on you by a registered
    process server or the Sheriff outside the State of Arizona, your Response must be filed within
7   THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you
    were served. Service by a registered process server or the Sheriff is complete when made.
8   Service by Publication is complete thirty (30) days after the date of the first publication.
9
4.      You can get a copy of the court papers filed in this case from the Petitioner at the
10  address listed at the top of the preceding page, from the Clerk of the Superior Court's
    Customer Service Center at:
11
•       601 West Jackson, Phoenix, Arizona 85003, or
12  •       18380 North 40th Street, Phoenix, Arizona 85032
    •       222 East Javelina Drive, Mesa, Arizona 85210
13  •       14264 West Tierra Buena Lane, Surprise, Arizona, 85374.
14
5.      Requests for reasonable accommodation for persons with disabilities must be made to
15  the office of the judge or commissioner assigned to the case, at least ten (10) days before your
    scheduled court date.
16
17  6.      Requests for an interpreter for persons with limited English proficiency must be made to
    the office of the judge or commissioner assigned to the case at least ten (10) judicial days in
18  advance of your scheduled court date.
                                                    **JEFF FINE, CLERK**
19
SIGNED AND SEALED this date    APR 1 6 2019
20                                                  _____
                                                    **CLERK OF COURT**
21
22                                          By_____
                                            Deputy Clerk
23

24
                                                    S. SZAKACS
25                                                  DEPUTY CLERK
26
27  If you would like legal advice from a lawyer,
    Contact the Lawyer Referral Service at
        602-257-4434
28          or
        www.maricopalawyers.org
    Sponsored by the
    Maricopa County Bar Association

-2-

RECEIVED
CITY OF PHOENIX

2019 APR 18  PM 12: 48

CITY ATTORNEY'S OFFICE



1  David W. Dow (SBA #007377)
   Jennifer L. Ghidotti  #033071
2  The Law Offices of David W. Dow
   3104 E. Camelback #281
3  Phoenix, Arizona 85016
   602-550-2951
4  Ddowlaw1@gmail.com
   *Attorneys for Plaintiff*
5

6              **SUPERIOR COURT OF ARIZONA**

7                 **MARICOPA  COUNTY**

8                                    Case No. CV2019-004400
9  MARCELA de JESUS GUZMAN
   ESTRADA, an individual,         SUMMONS
10
11     Plaintiff,

12     vs.

13
14 CITY OF PHOENIX, a municipality and
   jural entity, MARCOS RODRIGUEZ an
15 individual acting under the color of law,
   JOHN DOE HUNNICUTT, an individual
16 acting under the color of law,
   BRANDON WARNER, an individual
17 acting under the color of law, and
   CARMINA THERIAULT, an individual
18 acting under the color of law,
19
20     Defendants.
21

22 ┌──────────────────────────────────────────────────────────┐
   │**WARNING: This is an official document from the court that affects your rights.  Read this**│
23 │**carefully.    If you do not understand it, contact a lawyer for help.**                    │
   └──────────────────────────────────────────────────────────┘
24
   **FROM THE STATE OF ARIZONA TO:   BRANDON WARNER**
25
26 1.  A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served
       on you with this *"Summons"*.
27
28 2.  If you do not want a judgment or order taken against you without your input, you must file an
       *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an
       *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or
       Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to

the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR Office of the Clerk of Superior Court, 222 East Javelina Drive, Mesa, Arizona  85210-6201 or Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.   Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

3.   If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.   You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

•   601 West Jackson, Phoenix, Arizona 85003, or
•   18380 North 40th Street, Phoenix, Arizona 85032
•   222 East Javelina Drive, Mesa, Arizona  85210
•   14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5.   Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) days before your scheduled court date.

6.   Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date     APR 1 6 2019          **JEFF FINE, CLERK**

CLERK OF COURT

By _____
Deputy Clerk



If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association

S. SZAKACS
DEPUTY CLERK

-2-

RECEIVED
CITY OF PHOENIX

2019 APR 19 PM 2: 24

CITY ATTORNEY'S OFFICE

1   David W. Dow (SBA #007377)
    Jennifer L. Ghidotti  #033071
2   The Law Offices of David W. Dow
    3104 E. Camelback #281
3   Phoenix, Arizona 85016
    602-550-2951
4   Ddowlaw1@gmail.com
    *Attorneys for Plaintiff*
5



6                       **SUPERIOR COURT OF ARIZONA**

7                         **MARICOPA  COUNTY**

8                                         Case No.  CV 2019 - 004400

9   MARCELA de JESUS GUZMAN
    ESTRADA, an individual,            SUMMONS
10

11  Plaintiff,

12  vs.

13  CITY OF PHOENIX, a municipality and
14  jural entity, MARCOS RODRIGUEZ an
    individual acting under the color of law,
15  JOHN DOE HUNNICUTT, an individual
    acting under the color of law,
16  BRANDON WARNER, an individual
17  acting under the color of law, and
    CARMINA THERIAULT, an individual
18  acting under the color of law,
19

20  Defendants.

21

22  **WARNING: This is an official document from the court that affects your rights.  Read this
    carefully.     If you do not understand it, contact a lawyer for help.**

23

24  **FROM THE STATE OF ARIZONA TO:    CARMINA THERIAULT**

25  1.   A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served
         on you with this *"Summons"*.

26  2.   If you do not want a judgment or order taken against you without your input, you must file an
         *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an
27       *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or
28       Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to
         the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona

-1-

1   85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix,
    Arizona 85032 OR Office of the Clerk of Superior Court,  222 East Javelina Drive, Mesa,
2   Arizona  85210-6201 or Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane,
    Surprise, Arizona, 85374.  Mail a copy of your *"Response"* or *"Answer"* to the other party at
3   the address listed on the top of this Summons.

4   3.  If this *"Summons"* and the other court papers were served on you by a registered process
        server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed
5       within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day
        you were served.  If this *"Summons"* and the other papers were served on you by a registered
6       process server or the Sheriff outside the State of Arizona, your Response must be filed within
        THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you
7       were served. Service by a registered process server or the Sheriff is complete when made.
        Service by Publication is complete thirty (30) days after the date of the first publication.
8

9   4.      You can get a copy of the court papers filed in this case from the Petitioner at the
        address listed at the top of the preceding page, from the Clerk of the Superior Court's
10      Customer Service Center at:

11      •       601 West Jackson, Phoenix, Arizona 85003, or
        •       18380 North 40th Street, Phoenix, Arizona 85032
12      •       222 East Javelina Drive, Mesa, Arizona  85210
        •       14264 West Tierra Buena Lane, Surprise, Arizona, 85374.
13

14  5.      Requests for reasonable accommodation for persons with disabilities must be made to
        the office of the judge or commissioner assigned to the case, at least ten (10) days before your
15      scheduled court date.

16
    6.      Requests for an interpreter for persons with limited English proficiency must be made to
17      the office of the judge or commissioner assigned to the case at least ten (10) judicial days in
        advance of your scheduled court date.
18
                                    APR 1 6 2019          **JEFF FINE, CLERK**
19  SIGNED AND SEALED this date

20                                                  CLERK OF COURT

21                                      By_____
22                                          Deputy Clerk
23                                                              S. SZAKACS
                                                                DEPUTY CLERK
24

25      If you would like legal advice from a lawyer,
        Contact the Lawyer Referral Service at
26              602-257-4434
                    or
27          www.maricopalawyers.org
            Sponsored by the
28      Maricopa County Bar Association

                                        -2-

David W. Dow (SBA #007377)
Jennifer L. Ghidotti (SBA #033071)
The Law Offices of David W. Dow
3104 E. Camelback #281
Phoenix, Arizona 85016
602-550-2951
Ddowlaw1@gmail.com
jlevine@ddowlaw.com
*Attorneys for Plaintiff*

**COPY**

APR 1 6 2019

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

### SUPERIOR COURT OF ARIZONA

### MARICOPA COUNTY

| | |
|---|---|
| MARCELA de JESUS GUZMAN ESTRADA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PHOENIX, a municipality and jural entity, MARCOS RODRIGUEZ an individual acting under the color of law, JOHN DOE HUNNICUTT, an individual acting under the color of law, BRANDON WARNER, an individual acting under the color of law, and CARMINA THERIAULT, an individual acting under the color of law,<br><br>Defendants. | Case No. CV2019-004400<br><br>VERIFIED COMPLAINT |

Plaintiff Marcela de Jesús Guzmán Estrada, hereby alleges as her Complaint the following:

1.      Plaintiff Marcela de Jesús Guzmán Estrada is an individual and was a resident of Maricopa County, Arizona for all relevant times.

2.      Defendant City of Phoenix is a municipality and jural entity and responsible

party for the actions of individuals acting in the scope of employment. It may be held liable both independently and vicariously, as permitted by federal and state law, for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including the City of Phoenix Police Department and its officers and employees.

3.   Defendant Marcos Rodriguez is an individual that was acting under the color of law and was resident of Maricopa County, Arizona at all relevant times.

4.   Defendant John Doe (Sgt.) Hunnicutt is an individual that was acting under the color of law and was resident of Maricopa County, Arizona at all relevant times.

5.   Defendant Brandon Warner is an individual that was acting under the color of law and was resident of Maricopa County, Arizona at all relevant times.

6.   Defendant Carmina Theriault is an individual that was acting under the color of law and was resident of Maricopa County, Arizona at all relevant times.

7.   All individual defendants were acting within the scope of their employment under Arizona and federal law at the time of the actions set for the herein.

8.   Jurisdiction is appropriate in this Court pursuant to the United States and Arizona Constitutions, A.R.S. §§12-122, 12-123, federal law and common law.

9.   Venue is appropriate in this Court as the events occurred in Maricopa County, Arizona.

10.  Plaintiff has complied with A.R.S. § 12-821.01 and served the Defendants with a Notice of Claim on January 15, 2019 and thus 60 days has passed.

11.  Plaintiff hereby demands a jury trial in this matter and states that this is a Tier 3

case.

12.     This matter involves state law and the amount in controversy does exceed $50,000.00 and thus is not subject to the arbitration rules.

**Facts General to All Counts**

13.     Plaintiff Marcela de Jesús Guzmán Estrada ("Ms. Guzman") is an individual and at the time of the events set forth herein, was a resident of Phoenix, Arizona who was within the service area of the Phoenix Police Department.

14.     On Sunday, August 26, 2018, after church, Ms. Guzman was driving her car to the grocery store when a police vehicle abruptly pulled out onto the road. The abrupt action of the officer caused her to swerve into the next lane to avoid being hit by the patrol vehicle. Ms. Guzman noticed the officer was on his cellphone.

15.     Ms. Guzman continued driving to the store and noticed the officer had pulled behind her car and soon after, the police officer pulled his vehicle beside Ms. Guzman. He rolled down his window and was signaling to her so she lowered her window.

16.     The officer, later determined to be Defendant Marcos Rodriguez, apologized to her and she told him it was fine, and she tried to leave but he motioned for her to pull over. There were no patrol lights or siren, but she went ahead and pulled off the road onto a side street.

17.     Defendant Rodriguez pulled up to Ms. Guzman with his window down, facing opposite directions, and he began talking to Ms. Guzman. She looked at his badge to get his name and when he realized English was not her first language,

he started speaking in Spanish.

18. Defendant Rodriguez invited Ms. Guzman to coffee as a peace offering for scaring her. Ms. Guzman then saw another patrol vehicle behind his with a female officer in the driver's seat.

19. As Ms. Guzman was confused and frightened, she asked Defendant Rodriguez if his partner would be joining them, but he said they had been called to an emergency.

20. Ms. Guzman declined Officer Rodriguez's invitation to coffee due to the emergency call mentioning that the emergency call should be more of a priority, and he said they could still go to coffee without his partner. Defendant Rodriguez stated his partner "knows how I am."

21. Ms. Guzman again said, "No," to coffee and Defendant Rodriguez asked her what type of work she did, so she gave him her business card. He then asked Ms. Guzman if she lived in the area and she said she did, and he stated that he patrols the area.

22. Defendant Rodriguez took the business card and left along with the second officer and her vehicle.

23. Soon after, Defendant Rodriguez began to contact Ms. Guzman via text message and would ask if things were well with her and how she was doing. He asked if they could talk, and just as she responded, he told her that he was outside of her apartment and to open her door.

24. Ms. Guzman was very uncomfortable because she had not given him her home

-4-

1    address or invited him over.

2    25.  Ms. Guzman opened her front door but left the security screen closed and locked

3         and asked Defendant Rodriguez what he was doing at her home. Defendant

4         Rodriguez was in uniform and holding the computer from his patrol vehicle and

5

6         Ms. Guzman figured it was related to the incident where he almost hit her.

7    26.  Defendant Rodriguez said he wanted to apologize in person, so Ms. Guzman let

8         him into her home and asked why he was there. This conversation was at

9

10        approximately 1:00 pm on August 26th, the same day of the roadside incident.

11        Ms. Guzman believed Defendant Rodriguez was there to do a report regarding

12

13        the incident earlier that day.

14   27.  Defendant Rodriguez then set up his computer on Ms. Guzman's dining table

15        and started commenting that they should be friends and that she needed a friend

16

17        like him because he is a police officer and sees she lives alone.

18   28.  Defendant Rodriguez stated that if there was ever an emergency, she can call

19        him. During this conversation, Officer Rodriguez began making sexual

20

21        insinuations. This made Ms. Guzman feel even more uncomfortable.

22   29.  Defendant Rodriguez's comments frightened Ms. Guzman. He sat at her table

23        and again asked if she would like for him to kiss her.

24   30.  Ms. Guzman noticed Defendant Rodriguez was wearing a wedding band and

25

26        commented on him being married and that it goes against her values to have

27        contact with a married man. She told him, no, she did not want him to kiss her.

28
     31.  Defendant Rodriguez then showed Ms. Guzman a picture of his wife and said

1    she is boring, that his marriage is dead and there's no passion.  He then asked if

2    he could kiss her and she said no.

3
4    32.   Defendant Rodriguez stood up from the table and began making comments about

5    how Puerto Ricans such as himself are very passionate and he wanted Ms.

6    Guzman to let him show her how passionate he is.

7
8    33.   Defendant Rodriguez then forcibly grabbed his genitals through his uniform

9    pants asking Ms. Guzman "don't you want some of this?"  He then moved his

10   pelvis towards her and hovered over her as she was seated at the dining room

11   table.

12
13   34.   Defendant Rodriguez had braces, kept licking his mouth, and told Ms. Guzman

14   he could teach her how to kiss as he has passion. Ms. Guzman became extremely

15   uncomfortable and intimidated, so she told him she had to go to the movies and

16   that he needed to leave.

17

18   35.   Ms. Guzman told Defendant Rodriguez that her friend was waiting and if she did

19   not show up the friend would go to the apartment to check on her.

20
21   36.   While at Ms. Guzman's house, Defendant Rodriguez talked about anal sex,

22   talked about digitally penetrating her anus during sex, demonstrating with his

23   fingers, and asked if she had ever tried anal sex.

24
25   37.   When Ms. Guzman told Defendant Rodriguez to stop talking the way he was, he

26   said he had anal sex and he liked it and then began describing it.

27   38.   Defendant Rodriguez told Ms. Guzman that he can do that to her and could show

28   her how it's done as he's the police and can do what he wants to her.

-6-

39. At one point, Defendant Rodriguez unfastened his uniform vest and as he headed to the door, he put his computer down on the bench by the entryway and started to refasten his vest. As he was doing this, he asked Ms. Guzman again if she was sure she did not want to kiss him before he left and Ms. Guzman said, "No."

40. Defendant Rodriguez continued to ask sexual questions and Ms. Guzman pushed his chest away from her, telling him he needed to go.  After Ms. Guzman hurt her fingers on his vest as she was pushing him away, she asked what that was that hurt her.

41. Defendant Rodriguez asked if she wanted to see it and started to unzip his vest. She told him she didn't want to see it and then saw that what he was pulling from his vest was a small firearm.

42. Defendant Rodriguez asked if Ms. Guzman wanted to know why he had the gun there, and she again told him no. Ms. Guzman told Officer Rodriguez that guns made her uncomfortable and not to show his firearms to her.

43. Defendant Rodriguez then talked about how if a delinquent on the street were to disarm him, he could grab them, demonstrating on Ms. Guzman by putting his arm around her neck as he pointed the gun at her face and laughed. She then told him do not point the gun at me as I have a fear of guns. He continued to laugh and then he put the gun to her ribs and she felt the gun on her ribs and left torso. This action made her very afraid but finally he left her apartment.

44. Defendant Rodriguez then continued communicating with Ms. Guzman via text, but she would not respond except for one time when she told him he should

1   appreciate his career and family.

2   45.   Defendant Rodriguez then stated he went by Ms. Guzman's home, but he didn't

3
4   see her. He told her that if she ever had an emergency throughout the night, she

5   was going to need him, and that she needed a man around. He said he is the

6   police, he patrols this area and that he takes care of his city.

7   46.   Defendant Rodriguez made comments in a dirty, sexual way and disclosed

8
9   details to Ms. Guzman about his life and childhood how his mother left his

10  family and him and his brother were left with his father who was an officer in

11  Puerto Rico but drank excessively and abused his power.

12  47.   There are text messages to Ms. Guzman from Defendant Rodriguez that

13
14  corroborate the contacts.

15  48.   Ms. Guzman has become extremely anxious and scared for her safety, having to

16
17  move from her apartment so Defendant Rodriguez cannot find her.

18  49.   Ms. Guzman is aware of various tape recordings including ones by Defendant

19  Theriault where a confrontation call was attempted.

20  50.   Defendants Hunnicutt and Warner talked to Ms. Guzman on the phone. They

21
22  asked her to come to the office. She went there the next day to downtown

23  Phoenix and met with her. They acted as if they were going to help, took her

24
25  information but they never provided her any legal help.

26  51.   After appearing to want to assist, Defendant Theriault became rude, stating that

27  Ms. Guzman watched many action movies.

28  52.   Defendant Theriault began to scream at Ms. Guzman in a strong and demanding

1   tone accusing her of just wanting money from police department.

2   53.   Ms. Guzman never imagined that it was possible for a police officer to abuse

3   their power and take an individual's freedom through aggressive and intimating

4   actions geared toward unwanted sexual advances. It has been a nightmare and it

5   has changed Ms. Guzman's life radically resulting in her having to take

6   medication for depression, anxiety and insomnia, which affects her sugar levels.

7   54.   Ms. Guzman has complications with her eyes as a result of the anxiety. She had

8   laser surgery and is undergoing a painful treatment of injections every month in

9   each eye. Her right eye is almost blind, because of the stress and high levels of

10   sugar.

11   55.   Ms. Guzman has lost almost all of her material goods because she had to leave

12   them in the trash in order to find places to sleep and look for somewhere to live.

13   56.   Ms. Guzman lost valuable friendships because they do not want to interact with

14   her at this time in her life for fear that someone will follow her or that someone

15   will do something to her.

16   57.   Ms. Guzman lost half of her clients in her housecleaning business because she

17   cannot concentrate and sometimes is in a corner crying desperately with a panic

18   attack.

19   58.   Ms. Guzman cannot be in public places, she cannot sleep, nightmares wake her

20   up, and throws-up out of fear and despair. She had to have her medications

21   adjusted.

22   59.   For the first time in her life, Ms. Guzman needed to see a psychiatrist for

-9-

counseling. The psychiatrist suggested very strong medication and also suggested concentration therapies.

60. Ms. Guzman had to leave her volunteer work after more than 7 years because she did not feel able to help others. She has helped over 300 women in the divorce and emotional abuse group prior to this experience.

61. Defendants' actions caused her to suffer from Post-Traumatic Stress Disorder (PTSD).

62. Defendant City of Phoenix is responsible for the actions of its officers and failed to properly respond when the matter was reported to its agents including the individual Defendants.

63. Ms. Guzman has suffered damages due to the actions of Defendants.

COUNT ONE

VIOLATION OF 42 U.S.C. §1983

(Individual Defendants)

64. Plaintiff hereby incorporates paragraphs 1-63 as to this Count

65. Defendant is liable for civil damages based on their conduct violating "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

66. A federal right has been violated by the Defendant.

67. The federal right(s) was/were clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)

68. 42 U.S.C. § 1983 provides that: "Every person, who under color of any statute,

ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit inequity, or other appropriate proceeding for redress . . ."

69.   Plaintiff in this action is a citizen of the United States and Defendants were police officers and are persons for purposes of 42 U.S.C. § 1983.

70.   Defendants were acting under the color of state law in their capacity as Phoenix police officers and their acts or omissions were conducted within the scope of their official duties or employment.

71.   The law was sufficiently clear that every reasonable official would understand that what he or she is doing is unlawful.

72.   Plaintiff had the clearly established constitutional right to be free from false imprisonment and invasion of privacy under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

73.   Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from false imprisonment and invasion of privacy when Defendant Rodriguez stalked and falsely imprisoned Plaintiff and Defendant Theriault failed to act to stop the actions.

74.   Defendants' conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or the Defendants acted to serve their own

interests, having reason to know and consciously disregarding a substantial risk that his conduct might significantly injure the rights of Plaintiff.

75. Defendants Hunnicut and Warner were supervisors and had the ability to take action to prevent Defendant Rodriguez's conduct but they intentionally ignored the concerns of Plaintiff and allowed the stalking behavior to continue.

76. Defendants Hunnicuit and Warner had actual or constructive knowledge that Defendant Rodriguez was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; their response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by Plaintiff.

77. All the individual defendants are liable under §1983 action by failure to take reasonable steps to attempt to stop the unlawful conduct by a fellow officer. *Sanchez v. City of Chicago*, 700 F. 3d 919 (7th Cir. 2012).

78. It is not standard procedure to assist a civilian in revenge in exchange for personal favors, causing long term emotional distress and PTSD. Officer Rodriguez clearly abused his position of power as Phoenix Police Officer for his personal satisfaction. Defendants Hunnicut and Warner acted as if they were going to help, took Ms. Guzman's information but they never provided her any legal help. Defendant Theriault initially began to assist and then never pursued the matters.

-12-

79.   Plaintiff was damaged by Defendants' conduct.

## COUNT TWO

### VIOLATION OF 42 U.S.C. §1985

### (All Individual Defendants)

80.   Plaintiff hereby incorporates paragraphs 1-79 as to this Count

81.   In covering up Defendant Rodriguez's conduct through failing to report his conduct and trying to blame Plaintiff, Defendants Hunnicut, Theriault and Warner conspired together to deprive Plaintiff of her constitutional rights.

82.   In doing so, they harmed Plaintiff by reporting that she was lying about the incidents and by Defendant Rodriguez assaulting, harassing and falsely imprisoning and causing invasion of privacy to Plaintiff.

83.   Defendants worked together to protect Defendant Rodriguez because of their race based animus against Plaintiff, a person of Puerto Rican descent.

84.   Plaintiff was damaged by the Defendants' conduct.

## COUNT THREE

### 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981
### (City of Phoenix only)

85.   Plaintiff hereby incorporates paragraphs 1-84 as to this Count.

86.   Defendant City of Phoenix established policies, procedures, customs, and/or practices for the police officers that exhibited deliberate indifference to the

constitutional rights of citizen which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights which resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

87. Defendant's policies are the moving force behind the constitutional violations. The final policymakers of the City of Phoenix had actual or constructive knowledge of these unconstitutional practices, yet failed to take any reasonable or adequate steps to remedy them.

88. The false imprisonment, assault, inadequate/negligent training of officers or other adopted municipality custom demonstrating a deliberate indifference to the Constitutional rights of its citizenry.

89. In addition, under a ratification theory, Defendant delegated authority to engage in unlawful conduct and Defendant as the final policymaker's endorsement of the decisions and actions of Defendants to engage in unlawful conduct confirms clear that the policy was in effect at the time of the incident and was the moving force for Defendants' unconstitutional acts.

90. The deliberately indifferent training and supervision provided by Defendant City of Phoenix in allowing officers to pull over citizens for no reason, go to a citizen's home for the purpose of wanting sexual favors, and stalking a citizen is a violation of Plaintiff's constitutional rights under the Fourth and 14th Amendments to the US Constitution.

91. Defendant is also be liable for the acts of an employee who is not a final decision

-14-

maker, so long as an actual final decision maker demonstrates that authority to make the decision lay with the subordinate by approving the subordinate's decision and the basis for it.

92.  Further, a municipality, may be liable under § 1983 for failing to train employees when the failure both can be traced to the injury suffered by a plaintiff and amounts to deliberate indifference to the rights of persons with whom the police come into contact.

93.  Phoenix Police Department has training for its officers regarding abuse and/or use of power. When the incident was reported, officers failed to properly investigate the allegations.

94.  It is not standard procedure to assist a civilian in revenge in exchange for personal favors, causing long term emotional distress and PTSD.  Officer Rodriguez clearly abused his position of power as Phoenix Police Officer for his personal satisfaction. These facts are clear abuses of power and a failure of the Phoenix Police Departments' duty to properly train and supervise its officers. Defendants Hunnicutt and Warner acted as if they were going to help, took Ms. Guzman's information but they never provided her any legal help. Detective Theriault initially began to assist and then never pursued the matters.

95.  Due to inadequate training, supervision, screening in hiring and/or other shortcomings within Phoenix Police Department's policies and procedures, these officers have perpetuated distrust and fear of the police. The actions of these officers are the result of a false belief that officers are above the law. Ms.

1   Guzman has fallen victim to Phoenix Police Department's incompetence. The

2   reprehensible actions while performing their duties as Phoenix police officers is

3   outrageous.

4

5   96.   Plaintiff has been damaged by Defendants' conduct.

6   COUNT FOUR

7   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8

9   97.   Plaintiff hereby incorporates paragraphs 1-96 as to this Count.

10  98.   Defendants' conduct was extreme and outrageous, they either intended to cause

11  emotional distress or recklessly disregarded the near certainty that such distress

12  would result from their conduct, and their actions caused Plaintiff to suffer

13

14  severe emotional distress. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987).

15  99.   Plaintiff suffered anxiety that results in physical symptoms constituting severe

16  emotional distress. *Ford*, 153 Ariz. at 41; *see also Pankratz v. Willis*, 155 Ariz.

17

18  8, 12, 17 (App. 1987).

19  100.  The actions of Defendant Rodriguez in stalking Plaintiff, assaulting Plaintiff,

20  falsely imprisoning Plaintiff and sexually harassing Plaintiff were extreme and

21

22  outrageous.

23  101.  The actions of Defendants Hunnicut, Warner and Theriault in allowing the

24  conduct of Defendant Rodriguez to continue were extreme and outrageous.

25

26  102.  Plaintiff has been damaged by the emotional distress caused by Defendants.

27  COUNT FIVE

28  ASSAULT/BATTERY

-16-

(Defendant Rodriguez)

103.  Plaintiff hereby incorporates paragraphs 1-102 as to this Count.

104.  A harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact, is a battery. An intentional act requires the actor to either consciously desire the physical result of his or her act, whatever the likelihood of that result happening from his conduct; or know that the result is substantially certain to follow from his or her conduct, whatever his or her desire may be as to that result.

105.  Defendant battered/assaulted Plaintiff when he came into her house, touched her, grabbed her, and/or pointed a gun at her, with the intent to cause injury and in fact did cause injury.

106.  Plaintiff was damaged by conduct of the Defendants.

## COUNT SIX

### INVASION OF PRIVACY/TRESPASS/STALKING

(Defendant Rodriguez)

107.  Plaintiff hereby incorporates paragraphs 1-106 as to this Count.

108.  Defendant committed invasion of privacy and/or trespass and/or stalking when he remained in the Plaintiff's home and assaulted her, made crude sexual comments and when he continued to stalk her on the phone and by going to her home.

109.  Plaintiff was damaged by the Defendants' conduct.

### COUNT SIX

-17-

**FALSE IMPRISONMENT**

(Defendant Rodriguez)

110. Plaintiff hereby incorporate paragraphs 1-109 as to this Count.

111. False imprisonment is the detention of a person without consent or lawful authority. *Slade v. City of Phoenix*, 112 Ariz. 298, 300, 541 P.2d 550, 552 (1975).

112. Defendant grabbed Plaintiff and held her then put a gun to her without her consent and without legal justification for the detention.

113. Plaintiff was damaged by Defendants' conduct.

**COUNT SEVEN**

**AIDING AND ABETTING**

(Defendants Hunnicut, Warner and Theriault)

114. Plaintiff hereby incorporate paragraphs 1-114 as to this Count.

115. Aiding and abetting a tort requires the primary tortfeasor has committed a tort causing injury to the plaintiff, the defendant knows that the primary tortfeasor's conduct constitutes a breach of duty, and the defendant substantially assists the primary tortfeasor in achieving the breach.

116. Here, the Defendants knew of Defendant Rodriguez's conduct and covered it up allowing his conduct to continue.

117. Defendants' actions caused Plaintiff damages.

**Punitive Damages (Defendant Rodriguez)**

118. When Defendant Rodriguez put his gun in Ms. Guzman's face and in her ribs,

squeezed her to his body, and made all of the sexual comments, she became overcome with fear and anguish, she has panic attacks, depression, stress, and even was suicidal due to the fear.

119.   Defendant acted with an evil mind. Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff requests the following:

A.     Damages, both compensatory and special damages caused by the conduct of the Defendants in an amount to be determined at trial;

B.     Punitive damages against the individual defendants in an amount to be determined at trial;

C.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to recover her reasonable attorneys' fees and costs, including expert fees; and

D.     Any other such and or further relief as may be justified under the applicable facts and circumstances.

-19-

Dated this 15ᵗʰ day of April, 2019.

BY:     DOW LAW OFFICE

David W. Dow
Attorney for *Plaintiff*

OATH OR AFFIRMATION AND VERIFICATION

I swear or affirm that the information in this Verified Complaint is true and correct under penalty of perjury.

Signature _____

          Marcela de Jesús Guzmán Estrada

Dated this ⏐⏐ day of April, 2019.

STATE OF ARIZONA     )
                        )

COUNTY OF MARICOPA)

Subscribed and sworn to or affirmed before me by Marcela de Jesús Guzmán Estrada this _11th_ day of April, 2019.

                              Connor Walsh

Notary Stamp           By: _____

                             Notary Public

Connor Walsh
Notary Public
Maricopa County, Arizona
My Comm. Expires 02-19-2021

-21-

COPY

David W. Dow (SBA #007377)
Jennifer L. Ghidotti  #033071
The Law Offices of David W. Dow
3104 E. Camelback #281
Phoenix, Arizona 85016
602-550-2951
Ddowlaw1@gmail.com
*Attorneys for Plaintiff*

APR 1 3 2019

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

Case No.    CV 2019-004400

MARCELA de JESUS GUZMAN
ESTRADA, an individual,

CERTIFICATE REGARDING
ARBITRATION

Plaintiff,

vs.

CITY OF PHOENIX, a municipality and
jural entity, MARCOS RODRIGUEZ an
individual acting under the color of law,
JOHN DOE HUNNICUTT, an individual
acting under the color of law,
BRANDON WARNER, an individual
acting under the color of law, and
CARMINA THERIAULT, an individual
acting under the color of law,

Defendants.

The undersigned certifies that the largest award sought by the Plaintiff, excluding interest, attorneys' fees, and costs **does exceed** limits set by Local Rule for compulsory arbitration. This case is **not subject** to the Uniform Rules of Procedure for Arbitration.

Dated this 15th day of April, 2019.

By: _____
David W. Dow
Attorney for Plaintiff

-1-

COPY

1  David W. Dow (SBA #007377)
   Jennifer L. Ghidotti #033071
2  The Law Offices of David W. Dow
   3104 E. Camelback #281
3  Phoenix, Arizona 85016
   602-550-2951
4  Ddowlaw1@gmail.com
   *Attorneys for Plaintiff*
5

APR 1 5 2019

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

6

7  MARCELA de JESUS GUZMAN
   ESTRADA, an individual,
8
9  Plaintiff,
10
11  vs.
12  CITY OF PHOENIX, a municipality and
    jural entity, MARCOS RODRIGUEZ an
13  individual acting under the color of law,
    JOHN DOE HUNNICUTT, an individual
14  acting under the color of law,
    BRANDON WARNER, an individual
15  acting under the color of law, and
16  CARMINA THERIAULT, an individual
    acting under the color of law,
17
18  Defendants.
19

Case No.  CV2019-004400

JURY TRIAL DEMAND

20     Plaintiff, by and through undersigned counsel, hereby demands a jury trial in this

21  matter pursuant to Arizona law.

22

23  Dated this 15th day of April, 2019.

24                                          By: _____
                                                David W. Dow
25                                              Attorney for Plaintiff

26

27

28

-1-



CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY

2020 APR 29  AM 11: 07

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

MARCELA DE JESUS GUZMAN
    VS.
CITY OF PHOENIX, et al

AFFADAVIT OF SERVICE
CV2019-004400

The undersigned being authorized to serve certifies under penalty of perjury: on the 17th day of April 2019, I received:

SUMMONS
VERIFIED COMPLAINT
JURY TRIAL DEMAND
CERTIFICATE REGARDING ARBITRATION

from the Law Offices of David Dow, for Marcela de Jesus Guzman, and in each instance, I personally served a copy of each document listed above upon City of Phoenix, by serving Pam Rieckhoff, Special Deputy City Clerk and stated authorized to accept, a Caucasian female, about 55 years old, 5'7", about 150 pounds with brown hair, at the place and time listed below,

ADDRESS: 200 W. Washington St.
CITY/STATE/ZIP: Phoenix, AZ 85003
DATE: April 17, 2019    TIME: 11:10 AM

I certify under penalty of perjury the foregoing is true and correct. Executed on April 29, 2019.

Gary J. Viscum
MC 8532



CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY
2019 APR 29 AM 11:08

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

MARCELA DE JESUS GUZMAN
      VS.
CITY OF PHOENIX, et al

AFFADAVIT OF SERVICE
CV2019-004400

The undersigned being authorized to serve certifies under penalty of perjury: on the 17th day of April 2019, I received:

SUMMONS
VERIFIED COMPLAINT
JURY TRIAL DEMAND
CERTIFICATE REGARDING ARBITRATION

from the Law Offices of David Dow, for Marcela de Jesus Guzman, and in each instance, I personally served a copy of each document listed above upon Officer Marcos Rodriguez, by personally serving him. Officer Rodriguez is a Hispanic male, 30 years old, 5'10", about 160 pounds with black hair, at the place and time listed below,

ADDRESS: 1489 N Dysart Rd.
CITY/STATE/ZIP: Avondale, AZ 85323
DATE: April 27, 2019        TIME: 9:11 AM

I certify under penalty of perjury the foregoing is true and correct. Executed on April 29, 2019.

Gary J. Visdum
MC 8532



CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA 2019 APR 29  AM 11: 08

IN RE THE MATTER OF:

MARCELA DE JESUS GUZMAN
      VS.
CITY OF PHOENIX, et al

### AFFADAVIT OF SERVICE
### CV2019-004400

The undersigned being authorized to serve certifies under penalty of perjury: on the 17th day of April 2019, I received:

**SUMMONS**
**VERIFIED COMPLAINT**
**JURY TRIAL DEMAND**
**CERTIFICATE REGARDING ARBITRATION**

from the Law Offices of David Dow, for Marcela de Jesus Guzman, and in each instance, I personally served a copy of each document listed above upon Detective Carmina Theriault, by personally serving her.  Detective Theriault is a Caucasian female, 35 years old, 5'6", about 150 pounds with brown hair, at the place and time listed below,

ADDRESS: 2120 N. Central Ave.
CITY/STATE/ZIP: Phoenix, AZ 85004
DATE: April 18, 2019     TIME: 9:43 AM

I certify under penalty of perjury the foregoing is true and correct.  Executed on April 29, 2019.

Gary J. Viscum
MC 8532



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

MARCELA DE JESUS GUZMAN
   VS.
CITY OF PHOENIX, et al

                          AFFADAVIT OF SERVICE
                          CV2019-004400

The undersigned being authorized to serve certifies under penalty of perjury: on
the 17th day of April 2019, I received:

SUMMONS
VERIFIED COMPLAINT
JURY TRIAL DEMAND
CERTIFICATE REGARDING ARBITRATION

from the Law Offices of David Dow, for Marcela de Jesus Guzman, and in each
instance, I personally served a copy of each document listed above upon Sgt.
Chad Hunnicutt, by personally serving him.  Sgt. Hunnicutt is a Caucasian male, 40
years old, 6'2", about 200 pounds with grey hair, at the place and time listed
below,

ADDRESS: 17 S. 2nd Ave.
CITY/STATE/ZIP:  Phoenix, AZ 85003
DATE: April 18, 2019        TIME: 9:21 AM

I certify under penalty of perjury the foregoing is true and correct.  Executed on
April 29, 2019.

                          Gary J. Viscum
                          MC 8532



CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY
2020 APR 29  AM 11: 08

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

MARCELA DE JESUS GUZMAN
  VS.
CITY OF PHOENIX, et al

AFFADAVIT OF SERVICE
CV2019-004400

The undersigned being authorized to serve certifies under penalty of perjury: on the 17th day of April 2019, I received:

SUMMONS
VERIFIED COMPLAINT
JURY TRIAL DEMAND
CERTIFICATE REGARDING ARBITRATION

from the Law Offices of David Dow, for Marcela de Jesus Guzman, and in each instance, I personally served a copy of each document listed above upon Sgt. Brandon Warner, by personally serving him. Sgt. Warner is a Caucasian male, 35 years old, 6'0", about 180 pounds with brown hair, at the place and time listed below,

ADDRESS: 17 S. 2nd Ave.
CITY/STATE/ZIP: Phoenix, AZ 85003
DATE: April 18, 2019      TIME: 9:21 AM

I certify under penalty of perjury the foregoing is true and correct.  Executed on April 29, 2019.

Gary J. Viscum
MC 8532