John T. Masterson, Bar #007447
Derek R. Graffious, Bar #033486
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7846
jmasterson@jshfirm.com
dgraffious@jshfirm.com

Attorneys for Defendant Marcos Rodriguez

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Marcela de Jesus Guzman Estrada,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, a municipality and jural entity; Marcos Rodriguez, an individual acting under the color of law; John Doe Hunnicutt, an individual acting under the color of law; Brandon Warner, an individual acting under the color of law; and Carmina Theriault, an individual acting under the color of law,<br><br>Defendants. | NO. 2:19-cv-03095-JJT<br><br>**DEFENDANT MARCOS RODRIGUEZ'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Marcos Rodriguez, by and through undersigned counsel, for his Answer to Plaintiff's Complaint, denies each and every, all and singular, of the allegations contained in Plaintiff's Complaint and each claim for relief that Defendant does not expressly admit or to which Defendant does not otherwise plead. Defendant admits, denies, and alleges the following:

1. In answering Paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

2. In answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that the City of Phoenix is a municipality and political subdivision of the State of Arizona

7659286.1

established under the Constitution of the State of Arizona and the laws of the State of Arizona. Defendant also admits that in certain circumstances the City of Phoenix may be subject to civil suit for wrongful conduct of its officers and/or officers acting within the course and scope of employment with the City of Phoenix Police Department. Defendant asserts that the City of Phoenix is entitled to all protections and immunities available to such governmental entities under the United States Constitution, Arizona Constitution, Arizona, and federal law.

3. In answering Paragraph 3 of Plaintiff's Complaint, Defendant admits the same.

4. In answering Paragraphs 4–6 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

5. In answering Paragraph 7 of Plaintiff's Complaint, Defendant admits only that this answering Defendant acted within the scope of his employment at the time of the alleged actions set out in Plaintiff's Complaint. As to the remaining allegations in Paragraph 7, Defendant is without sufficient knowledge or information to admit or deny the allegations, and therefore denies the same.

6. In answering Paragraphs 8–9 of Plaintiff's Complaint, Defendant admits only that the jurisdiction and venue is proper before the United States District Court for the District of Arizona now that the case has been removed from the Superior Court of Maricopa County. In so admitting, Defendant makes no admissions regarding the sufficiency of Plaintiff's allegations, which he specifically denies.

7. In answering Paragraph 10 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

8. In answering Paragraph 11 of Plaintiff's Complaint, Defendant also demands a jury trial in this matter. Defendant asserts that the discovery tier requirements of Arizona Rules of Civil Procedure 26.2(c)(3) are not applicable in this Court and

therefore no response is required.

9. In answering Paragraph 12 of Plaintiff's Complaint, Defendant admits that Plaintiff asserts state-law claims. As to the remaining allegations contained in Paragraph 12, Defendant lacks sufficient information to form a belief as to the truth of the allegations alleged and, therefore, denies the same.

**FACTS GENERAL TO ALL COUNTS**

10. In answering Paragraph 13 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

11. In answering Paragraph 14 of Plaintiff's Complaint, Defendant denies that he was on his cell phone or that he abruptly pulled out onto the road. As to the remaining allegations contained in Paragraph 14, Defendant lacks sufficient information to form a belief as to the truth of the allegations alleged and, therefore, denies the same.

12. In answering Paragraph 15 of Plaintiff's Complaint, Defendant admits that on August 26, 2018, he drove his patrol vehicle behind Plaintiff's car before driving next to Plaintiff's car on the driver's side. Defendant further admits that he motioned for Plaintiff to roll down her window, but denies that she complied. As to the remaining allegations, Defendant is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies the same.

13. In answering Paragraph 16 of Plaintiff's Complaint, Defendant admits that he did not activate his patrol vehicle's lights or sirens during this interaction. Defendant denies the remaining allegations.

14. In answering Paragraph 17 of Plaintiff's Complaint, Defendant admits that his patrol vehicle approached Plaintiff's car from the opposite direction and that he began talking to Plaintiff. Defendant also admits that he eventually began speaking with Plaintiff in Spanish because he could tell English was not Plaintiff's first language. As to the remaining allegations, Defendant is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies the

same.

15. In answering Paragraph 18 of Plaintiff's Complaint, Defendant admits only that another officer was present during the incident described in Paragraph 18. Defendant denies the remaining allegations contained therein.

16. In answering Paragraphs 19–20 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

17. In answering Paragraph 21 of Plaintiff's Complaint, Defendant admits only that he asked for Plaintiff's telephone number and that she then provided Defendant with her business card. Defendant denies the remaining allegations contained therein.

18. In answering Paragraph 22 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

19. In answering Paragraphs 23–24 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

20. In answering Paragraph 25 of Plaintiff's Complaint, Defendant admits only that when he arrived at Plaintiff's residence he was in his uniform and had his Mobile Data Computer (MDC) with him. Defendant denies that Plaintiff asked what he was doing at her residence and that Plaintiff left the security door closed and locked. As to the remaining allegations, Defendant is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies the same.

21. In answering Paragraph 26 of Plaintiff's Complaint, Defendant admits the Plaintiff welcomed Defendant into her home and that he went to Plaintiff's residence after she agreed to meet with Defendant so that he could apologize in person. Defendant also admits that this occurred around 1:00 p.m. on August 26, 2018 and on the same day that Plaintiff provided Defendant with her business card. As to the remaining allegations, Defendant is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies the same.

22. In answering Paragraph 27 of Plaintiff's Complaint, Defendant

admits only that he set up his computer on Plaintiff's dining room table to write a report. As to the remaining allegations contained in Paragraph 27, Defendant denies the same.

23. In answering Paragraph 28 of Plaintiff's Complaint, Defendant admits only that he may have told Plaintiff that she could call him, but denies that statement was in the context as characterized in Paragraph 28. As to the remaining allegations contained in Paragraph 28, Defendant denies the same.

24. In answering Paragraph 29 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

25. In answering Paragraph 30 of Plaintiff's Complaint, Defendant admits only that he was wearing his wedding band at Plaintiff's residence while there to apologize. As to the remaining allegations contained in Paragraph 30, Defendant denies the same.

26. In answering Paragraph 31 of Plaintiff's Complaint, Defendant admits only that he may have shown Plaintiff a photograph of his wife. As to the remaining allegations contained in Paragraph 31, Defendant denies the same.

27. In answering Paragraphs 32-33 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

28. In answering Paragraph 34 of Plaintiff's Complaint, Defendant admits only that he wears braces. As to the remaining allegations contained in Paragraph 34, Defendant denies the same.

29. In answering Paragraphs 35-38 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

30. In answering Paragraph 39 of Plaintiff's Complaint, Defendant admits only that when he initially sat down in Plaintiff's residence his vest had become unfastened and that as Defendant began to leave, he placed his computer down on a piece of furniture near the door so that he could refasten the Velcro on his vest. As to the remaining allegations contained in Paragraph 39, Defendant denies the same.

31. In answering Paragraphs 40-41 of Plaintiff's Complaint, Defendant

denies the allegations contained therein.

32. In answering Paragraph 42 of Plaintiff's Complaint, Defendant admits only that at some point during their conversation Plaintiff stated something to the effect of not liking guns. Defendant denies that Plaintiff's statement was made in the context of the allegations in Paragraph 42. Further, Defendant denies the remaining allegations contained in Paragraph 42.

33. In answering Paragraph 43 of Plaintiff's Complaint, Defendant affirmatively asserts that to refasten his vest, he removed his secondary firearm from inside his vest, placed it on Plaintiff's entertainment stand, refastened the vest, and then returned the secondary firearm back into his vest. Defendant admits that during this time period, he explained the purpose for having a secondary firearm. As to the remaining allegations contained in Paragraph 43, Defendant denies the same.

34. In answering Paragraph 44 of Plaintiff's Complaint, Defendant admits only that Plaintiff and Defendant communicated with each other following August 26, 2018. As to the remaining allegations contained in Paragraph 44, Defendant denies the same.

35. In answering Paragraph 45 of Plaintiff's Complaint, Defendant admits only that Plaintiff's residence is located in the beat Defendant is assigned to patrol. As to the remaining allegations contained in Paragraph 45, Defendant denies the same.

36. In answering Paragraph 46 of Plaintiff's Complaint, Defendant admits only that during the course of their conversation at Plaintiff's residence, both Plaintiff and Defendant discussed their personal lives and background. Defendant denies that he made any comments in a "dirty, sexual way."

37. In answering Paragraph 47 of Plaintiff's Complaint, Defendant admits that there are text messages between Defendant and Plaintiff. Defendant affirmatively asserts that certain portions of those text messages may have been altered or deleted by Plaintiff.

38. In answering Paragraphs 48-52 of Plaintiff's Complaint, Defendant

lacks sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies the same.

39. In answering Paragraph 53 of Plaintiff's Complaint, to the extent it alleges that Defendant acted aggressively or by intimidation, Defendant denies the same. As to the remaining allegations in Paragraph 53, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

40. In answering Paragraphs 54-61 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

41. In answering Paragraph 62 of Plaintiff's Complaint, this paragraph is not directed at this answering Defendant and, therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

42. In answering Paragraph 63 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

## COUNT ONE

### Violation of 42 U.S.C. § 1983

### (All Individual Defendants)

43. In answering Paragraph 64 of Plaintiff's Complaint, Defendant incorporates his answers to Paragraphs 1–63 of Plaintiff's Complaint, as if fully set forth herein.

44. In answering Paragraphs 65–67 of Plaintiff's Complaint, Defendant denies the allegations therein.

45. In answering Paragraph 68 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

46. In answering Paragraph 69 of Plaintiff's Complaint, Defendant admits only that he is a police officer with the City of Phoenix. As to the remaining

lacks sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies the same.

39. In answering Paragraph 53 of Plaintiff's Complaint, to the extent it alleges that Defendant acted aggressively or by intimidation, Defendant denies the same. As to the remaining allegations in Paragraph 53, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

40. In answering Paragraphs 54-61 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

41. In answering Paragraph 62 of Plaintiff's Complaint, this paragraph is not directed at this answering Defendant and, therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations contained within, and therefore denies the same.

42. In answering Paragraph 63 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

## COUNT ONE

### Violation of 42 U.S.C. § 1983

### (All Individual Defendants)

43. In answering Paragraph 64 of Plaintiff's Complaint, Defendant incorporates his answers to Paragraphs 1–63 of Plaintiff's Complaint, as if fully set forth herein.

44. In answering Paragraphs 65–67 of Plaintiff's Complaint, Defendant denies the allegations therein.

45. In answering Paragraph 68 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

46. In answering Paragraph 69 of Plaintiff's Complaint, Defendant admits only that he is a police officer with the City of Phoenix. As to the remaining

allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies the same.

47. In answering Paragraph 70 of Plaintiff's Complaint, Defendant admits the allegations contained therein as they pertain to this answering Defendant only.

48. In answering Paragraph 71 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

49. In answering Paragraph 72 of Plaintiff's Complaint, Defendant admits generally that people have a constitutional right to be free from false imprisonment and invasion of privacy. However, Defendant denies the allegations in Paragraph 72 to the extent that Plaintiff contends that the allegations contained in Paragraph 72 of Plaintiff's Complaint purport to allege a viable cause of action against Defendant.

50. In answering Paragraphs 73-74 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

51. In answering Paragraph 75 of Plaintiff's Complaint, this paragraph is not directed at this answering Defendant and, therefore, no response is required.

52. In answering Paragraph 76 of Plaintiff's Complaint, this paragraph is not directed at this answering Defendant and, therefore, no response is required. Further, Defendant denies the allegations in Paragraph 76 to the extent that Plaintiff contends that the allegations contained in Paragraph 76 of Plaintiff's Complaint purport to allege a viable cause of action against this answering Defendant.

53. In answering Paragraph 77 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

54. In answering Paragraph 78 of Plaintiff's Complaint, Defendant denies that he abused his position of power as a Phoenix Police Officer. As to the remaining allegations in Paragraph 78, those allegations are not directed at this answering Defendant and, therefore, no response is required.

55. In answering Paragraph 79 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

## COUNT TWO

## Violation of 42 U.S.C. § 1985

### (All Individual Defendants)

56. In answering Paragraph 80 of Plaintiff's Complaint, Defendant incorporates his answers to Paragraphs 1–79 of Plaintiff's Complaint, as if fully set forth herein.

57. In answering Paragraph 81 of Plaintiff's Complaint, this paragraph is not directed at this answering Defendant and, therefore, no response is required. However, Defendant denies the allegations in Paragraph 81 to the extent that Plaintiff contends that the allegations contained in Paragraph 81 of Plaintiff's Complaint purport to allege a viable cause of action against this answering Defendant.

58. In answering Paragraphs 82–84 of Plaintiff's Complaint, Defendant denies the allegations therein.

## COUNT THREE

## Violation of 42 U.S.C. § 1983 — Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in Violation of 42 U.S.C. § 1981

### (City of Phoenix Only)

59. In answering Paragraph 85 of Plaintiff's Complaint, Defendant incorporates his answers to Paragraphs 1–84 of Plaintiff's Complaint, as if fully set forth herein.

60. In answering Paragraphs 86–93 of Plaintiff's Complaint, these paragraphs are not directed at this answering Defendant and, therefore, no response is required.

61. In answering Paragraph 94 of Plaintiff's Complaint, Defendant denies that he abused his position of power as a Phoenix Police Officer. As to the remaining allegations in Paragraph 94, those allegations are not directed at this answering Defendant and, therefore, no response is required.

62. In answering Paragraphs 95-96 of Plaintiff's Complaint, these paragraphs are not directed at this answering Defendant and, therefore, no response is required. However, Defendant denies the allegations in Paragraphs 95-96 to the extent that Plaintiff contends that the allegations contained in those paragraphs purport to allege a viable cause of action against this answering Defendant.

## COUNT FOUR

### Intentional Infliction of Emotional Distress

63. In answering Paragraph 97 of Plaintiff's Complaint, Defendant incorporates his answers to Paragraphs 1–96 of Plaintiff's Complaint, as if fully set forth herein.

64. In answering Paragraphs 98–100 of Plaintiff's Complaint, Defendant denies the allegations therein.

65. In answering Paragraph 101 of Plaintiff's Complaint, this paragraph is not directed at this answering Defendant and, therefore, no response is required. However, Defendant denies the allegations in Paragraph 101 to the extent that Plaintiff contends that the allegations contained therein purport to allege a viable cause of action against this answering Defendant.

66. In answering Paragraph 102 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

## COUNT FIVE

### Assault/Battery

### (Defendant Rodriguez)

67. In answering Paragraph 103 of Plaintiff's Complaint, Defendant incorporates his answers to Paragraphs 1–102 of Plaintiff's Complaint, as if fully set forth herein.

68. In answering Paragraph 104 of Plaintiff's Complaint, Defendant admits that Plaintiff is generally describing battery and intentional acts.

69. In answering Paragraphs 105–106 of Plaintiff's Complaint,

1 | Defendant denies the allegations therein.

## COUNT SIX

### Invasion of Privacy/Trespass/Stalking

### (Defendant Rodriguez)

70. In answering Paragraph 107 of Plaintiff's Complaint, Defendant incorporates his answers to Paragraphs 1–106 of Plaintiff's Complaint, as if fully set forth herein.

71. In answering Paragraphs 108-109 of Plaintiff's Complaint, Defendant denies the allegations therein.

## COUNT SIX (SIC)

### False Imprisonment

### (Defendant Rodriguez)

72. In answering Paragraph 110 of Plaintiff's Complaint, Defendant incorporates his answers to Paragraphs 1–109 of Plaintiff's Complaint, as if fully set forth herein.

73. In answering Paragraph 111 of Plaintiff's Complaint, Defendant admits the same.

74. In answering Paragraphs 112–113 of Plaintiff's Complaint, Defendant denies the allegations therein.

## COUNT SEVEN (SIC)

### Aiding and Abetting

### (Defendants Hunnicut, Warner, and Theriault)

75. In answering Paragraph 114 of Plaintiff's Complaint, Defendant incorporates his answers to Paragraphs 1–113 of Plaintiff's Complaint, as if fully set forth herein.

76. In answering Paragraph 115 of Plaintiff's Complaint, this paragraph is not directed at this answering Defendant and, therefore, no response is required.

77. In answering Paragraph 116 of Plaintiff's Complaint, this paragraph

is not directed at this answering Defendant and, therefore, no response is required. However, Defendant denies the allegations in Paragraph 116 to the extent that Plaintiff contends that the allegations contained therein purport to allege a viable cause of action against this answering Defendant.

78. In answering Paragraph 117 of Plaintiff's Complaint, this paragraph is not directed at this answering Defendant and, therefore, no response is required.

## **PUNITIVE DAMAGES (DEFENDANT RODRIGUEZ)**

79. In answering Paragraphs 118–119 of Plaintiff's Complaint, Defendant denies the allegations therein.

## **JURY DEMAND**

Defendant requests a jury trial.

## **AFFIRMATIVE DEFENSES**

As and for an affirmative defense and in the alternative, Defendant asserts the following:

1. As and for a separate affirmative defense, and in the alternative, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. As and for a separate affirmative defense, and in the alternative, Defendant alleges that Plaintiff may have failed to comply with A.R.S. §§ 12-821 and 12-821.01.

3. As and for a separate affirmative defense, and in the alternative, Plaintiff may have failed to mitigate her damages, if any, thus barring or reducing any recovery against Defendant.

4. As and for a separate defense and in the alternative, Defendant alleges that he is not liable for punitive or exemplary damages for any state law claims pursuant to federal law and A.R.S. § 12-820.04 and that Plaintiff is barred from seeking punitive damages against persons in their official capacity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp.*

*District*, 940 F.2d 397 (9th Cir. 1991).

5. As and for a separate defense and in the alternative, Defendant asserts the privileges and immunities set forth in A.R.S. §§ 12-820, et seq.

6. As and for a separate affirmative defense, and in the alternative, Defendant alleges that he did not act with a purpose to harm or with deliberate indifference to the rights of anyone, including Plaintiff, for reasons unrelated to the legitimate law enforcement objectives.

7. As and for a separate defense and in the alternative, Defendant asserts all absolute and qualified immunities available under Arizona and federal law for all allegations set forth in Plaintiff's Complaint.

8. As and for a separate defense and in the alternative, Defendant alleges that any alleged action or inaction on his part was not the proximate cause of Plaintiff's alleged injuries, losses, and damages.

9. As and for a separate defense and in the alternative, Defendant alleges that Plaintiff cannot establish that Defendant proximately caused the deprivation of a right, privilege, or immunity protected by the United States Constitution or federal law.

10. As and for a separate defense and in the alternative, Defendant asserts that Plaintiff is solely or comparatively at fault for the injuries and damages alleged in her Complaint, thereby reducing or barring any recovery herein by way of comparative negligence.

11. As and for a separate affirmative defense and in the alternative, Defendant alleges that Plaintiff was contributorily negligent, and/or any damages received by the Plaintiff was the result of an intervening/superseding cause or through the negligence of someone other than Defendants, all of which bars recovery to Plaintiff from Defendant.

12. As a further affirmative defense and in the alternative, Defendant alleges that Plaintiffs' alleged injuries, losses, and damages were the result of an

1. assumption of risk by Plaintiff.

2. 13. As and for a separate defense and in the alternative, Defendant asserts that he acted reasonably.

3. 14. As and for a separate defense and in the alternative, Defendant asserts that Plaintiff was never in fear for her safety.

4. 15. As and for a separate affirmative defense and in the alternative, Defendant alleges that Plaintiff was never detained or held unlawfully.

5. 16. As and for a separate defense and in the alternative, Defendant asserts that a government employee's failure to exercise due care in the exercise of his duties is not sufficient to establish a violation of constitutional rights. *Daniels v. Williams*, 474 U.S. 327 (1986); *Buckeye v. Los Angeles Cty.*, 968 F.2d 791 (9th Cir. 1992).

6. 17. As and for a separate defense and in the alternative, Defendant asserts that he did not act with extreme or outrageous conduct and that he did not intend to cause Plaintiff harm or recklessly disregarded the near certainty of such harm sufficient for Plaintiff's intentional infliction of emotional distress claim.

7. 18. Defendant put Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery. During the course of litigation, Defendant may discover facts which support one or more of the affirmative defenses set forth in Rule 8(c) and/or Rule 12(b) of the Federal Rules of Civil Procedure, and to avoid waiving said defenses, this answering Defendant hereby incorporate them by reference.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff takes nothing thereby, and that Defendant be awarded their taxable costs and attorney's fees pursuant to 42 U.S.C. §1988, 28 U.S.C. §1927, and as otherwise allowed under Arizona and federal law, as well as any award that the Court deems necessary and appropriate under the circumstances.

///

///

DATED this 11th day of June 2019.

                                JONES, SKELTON & HOCHULI, P.L.C.

                    By */s/ Derek R. Graffious*
                         John T. Masterson
                         Derek R. Graffious
                         40 North Central Avenue, Suite 2700
                         Phoenix, Arizona 85004
                         Attorneys for Defendant Marcos Rodriguez

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

*/s/ Cindy Castro*